UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROBERT BENYO,

   *Plaintiff,*

v.

ION INSURANCE COMPANY, INC. AND EDWARD WILLIAM, SL,

   *Defendants*.

CASE NUMBER: 1:23-cv-24561

## COMPLAINT

NOW COMES Plaintiff, ROBERT BENYO, who hereby files his Complaint, suing ION INSURANCE COMPANY, INC. and EDWARD WILLIAM, SL, alleging the following:

### PARTIES

1. Plaintiff, Robert Benyo ("Plaintiff") is a citizen and resident of Miami-Dade County, Florida.

2. Upon information and belief, Defendant Edward William, SL ("Edward William") is a foreign corporation with its principal place of business in San Jose, Costa Rica.

3. Upon information and belief, Defendant Ion Insurance Company, Inc. ("ION") is a U.S. corporation with its registration in American Samoa and its principal offices in Prairieville, Louisiana.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00 exclusive if interest, fees, and costs.

5. Venue is appropriate in this Court under 28 U.S.C. 1391 because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## STATEMENT OF FACTS

### A. Acquisition of the Vessel and Issuance of Policy

6. On July 18, 2022, Plaintiff purchased a 2020 De Antonino D 42 GRP 400 HP, Hull Number DEY42003K920 (the "Vessel").

7. On April 15, 2023, Defendant ION issued Policy No. EW1009663 to Plaintiff. See Declaration Page and Policy, attached as Exhibit "A."

8. Upon information and belief, the Policy was underwritten by Defendant Edward William.

9. The named insured on the Policy is Plaintiff.

10. The period of the Policy was from 15 April 2023 to 14 April 2024 ("Policy Period").

11. The Policy provided several categories of converge including Hull/Machinery ($525,000.00), Salvage ($30,000.00), and Excess Salvage ($3,000.00).

12. The Cruising Range of the Policy included Florida and Bahamas.

### B. Fire Loss

13. On or about August 5, 2023, the Vessel was damaged by a fire that is believed to be caused by thermal runaway from a lithium battery contained in the Vessel's engine room. At the time of the fire, the Vessel was laid up in Islamorada, Florida.

14. The fire caused extensive damage to the Vessel rendering it not suitable for navigation and requiring substantial repairs.

15. The Vessel was subsequently transported to North Miami Beach, Florida for evaluation and potential repairs.

### C. Insurance Claim Denial

16. Following the fire, Plaintiff prepared and submitted an insurance claim form to Defendant Edward William and ION dated August 7, 2023, detailing the facts related to the loss of the Vessel from his personal knowledge (the "Claim").

17. By email dated September 12, 2023, Defendant Edward William, on behalf of ION, sent a letter to Plaintiff declining all coverage under the Policy ("Denial Letter").

18. The denial letter asserted that the claim was excluded because the manufacturer of the lithium battery only provided a two-year warranty and at the time of the fire the manufacturer's warranty had expired.

19. The version of the Policy delivered to Plaintiff includes the following exclusion (the "Policy Exclusion"):

> *No coverage is provided under this policy for loss or damage, liabilities incurred by any person, injury or damages or expenses of any type for loss caused by, resulting from, or arising out of:*
> 
> *…*
> 
> *35) The use of lithium, gel or lead acid batteries unless they are stored correctly, with the correct ventilation, are of marine grade **or** are suitable for marine use (as per the manufacturers instruction and are within the manufactures warranty period.* (emphasis added).

20. Importantly, the Policy Exclusion utilizes the words "unless" and "or" to signify four separate conditions that preclude application of the Policy Exclusion. These four conditions are: (1) storage of the batteries correctly; (2) batteries that are correctly ventilated; (3) batteries that are of marine grade; or (4) batteries that are suitable for marine use.

21. The final section of the Policy Exclusion includes the following statement contained in parenthesis: "as per the manufactures instruction and are within the manufactures warranty period." The language contained in parenthesis immediately follows the Policy Exclusion's fourth condition, which requires the battery to be "suitable for marine use."

22. On November 2, 2023, Plaintiff, through counsel, sent a series of detailed rebuttal emails to Defendant Edward William ("Rebuttal Emails").

23. The Rebuttal Emails pointed out that the Policy Exclusion as written could not apply because Ion utilized the word "or" in the exclusion to signify that satisfaction of a single condition precluded application of the exclusion.

24. The Rebuttal Emails also pointed out that the language contained in the Policy Exclusion's parenthesis only modified the preceding condition – "suitable for marine use," and does not create an independent and overarching exclusion.

25. Defendants Edward William and Ion have claimed in writing that Plaintiff is being unnecessarily pedantic because he has disputed the claim denial on the grounds that the Policy Exclusion should be applied as written.

26. Ion furnished the policy language and, therefore, any ambiguity must be construed against it.

27. Moreover, evidence demonstrates that the company that sold and furnished the lithium battery provided a three-year warranty and that the fire occurred within the three-year warranty period.

28. Defendants Edward William and Ion have refused to reverse the denial of coverage despite being aware that coverage is owed.

**COUNT 1 – BREACH OF CONTRACT**

29. Plaintiffs reallege and incorporate by reference paragraphs 1 through 28 above as if stated herein.

30. Defendants Ion and Edward William breached the Policy by wrongfully denying the Claim.

31. In the event that Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs because the insurance claim was denied by Defendant.

WHEREFORE, Plaintiff, Robert Benyo, demands judgment against Defendants, Ion and Edward William, for damages including but not limited to amounts owed under the Policy for damage to the Vessel, consequential damages stemming from Defendants' breach of the Policy, reasonable attorney's fees and costs, and Plaintiff demands trial by jury of all issues triable as a matter of right.

### COUNT 2 – INSURANCE BAD FAITH – FLORIDA LAW

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above as if stated herein.

33. Under Florida law, an insurer and its agents owe a duty of good faith and fair dealing to an insured.

34. Ion is categorized by the Florida Office of Insurance Regulation ("OIR") as a Surplus Lines – Federally Authorized insurer. According to the OIR, a Surplus Lines – Federally Authorized insurer is an "unauthorized insurer that has notified OIR of its intent to write certain property and casualty insurance business."[1]

35. Ion has acted in bad faith in denying the Claim through the following non-exhaustive set of acts, omissions, or violations:

---

[1] https://floir.com/resources-and-reports/surplus-lines-search

      a.   Denying an insurance claim where coverage is likely or certain.

      b.   Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.

      c.   Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

      d.   Misrepresenting the benefits, advantages, conditions, or terms of any insurance policy.

36. Plaintiff is not required to file a civil remedy notice in accordance with Fla. Stat. 624.155 because Ion is not an authorized insurance company in the State of Florida.

WHEREFORE, Plaintiff, Robert Benyo, demands judgment against Defendants, ION and Edward William, for damages including but not limited to treble damages as permitted under Fla. Stat. 624.155 (b)(3)(2) and 624.401, or other law, consequential damages that arise outside the coverages afforded under the Policy, all other extracontractual damages available to Plaintiff, reasonable attorney's fees and costs, and the Plaintiff demands trial by jury of all issues triable as a matter of right.

**COUNT 3 – VIOLATION OF THE DUTY OF GOOD FAITH – MARITIME LAW**

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above as if stated herein.

38. The Policy is a maritime contract because it insured the Vessel.

39. Under general maritime law, an insurer owes a duty of utmost good faith to its insured.

40. Ion and Edward William breached the duty of utmost good faith resulting in damages to Plaintiff.

WHEREFORE, Plaintiff, Robert Benyo, demands judgment against Defendants, Ion and Edward William, for damages including but not limited to treble/punitive/exemplary damages, consequential damages that arise outside the coverages afforded under the Policy, all other extracontractual damages available to Plaintiff, and the Plaintiff demands trial by jury of all issues triable as a matter of right.

### COUNT 4 – RESPONDEAT SUPERIOR

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above as if stated herein.

42. Defendant Edward William has served as an underwriter and agent, employee, and/or representative of Ion in relation to this claim.

43. Defendant Edward William was authorized to act on Ion's behalf in conducting a negligent and/or fraudulent claims investigation in violation of legal and/or fiduciary duties owed to Plaintiff resulting in the bad faith denial of the insurance claim. Consequentially, Ion is legally responsible for damages caused through the conduct, acts, or omissions of Edward William.

WHEREFORE, Plaintiff, Robert Benyo, demands judgment against Defendants, Ion and Edward William, for all damages arising from the breaches, negligence, and bad faith conduct, and the Plaintiff demands trial by jury of all issues triable as a matter of right.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Dated: December 1, 2023.

Respectfully Submitted,

JOHNS LAW GROUP, PLLC

By: */s/ Jeremiah N. Johns*

JEREMIAH N. JOHNS
Florida Bar No. #97323
1 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33001
Tel:    (954) 526-5080
Fax:    (866) 200-2747
jjohns@johnslawgroup.com

ATTORNEY FOR PLAINTIFF ROBERT BENYO