UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24561-CIV-MOORE/DAMIAN

ROBERTO BENYO,

      Plaintiff,

v.

ION INSURANCE COMPANY, INC.,
and EDWARD WILLIAM, SL,

      Defendants.
_____/

## ORDER SETTING DISCOVERY PROCEDURES

THIS CAUSE is before the Court following the referral of this action to the undersigned United States Magistrate Judge for all pretrial discovery matters. [ECF No. 4]. In order to facilitate the expeditious resolution of discovery disputes that may arise, the parties are hereby notified that the following Discovery Procedures shall apply in this case:

### Meet And Confer

If a discovery dispute arises, counsel must confer (either in person, by videoconference, or by telephone) and engage in a genuine effort to resolve discovery dispute(s) before seeking Court intervention.

If parties are unable to resolve their discovery dispute without Court intervention, the undersigned will set the matter for a hearing. Discovery disputes are handled on an expedited briefing schedule with a shortened page limit.

### Discovery Motions

The moving party must seek relief within fifteen (15) days of the occurrence of the grounds for relief by filing a discovery motion, seeking, for example, to compel or for protective order. **The Motion shall not exceed five (5) pages (double-spaced) and shall briefly inform the Court regarding the discovery issues to be heard. The Discovery Motion shall include a certification that the parties have complied with Southern District of Florida Local Rule 7.1(a)(3) and provide the information required by the Rule.**

The moving party shall attach to their Discovery Motion any requests for production, requests for admission, or interrogatories that are in dispute and the written responses thereto, if any.

**The opposing party shall file a response, also not to exceed five (5) pages (double-spaced), no later than three (3) business days after the Discovery Motion is filed. No replies are permitted, unless ordered by the Court.**

Neither party shall attach correspondence to their Discovery Motion or response thereto.

Both parties should review and be mindful of the Discovery Objections Section, below, when conferring regarding discovery disputes and before submitting a Discovery Motion or response regarding a discovery dispute. As set forth in the Discovery Objections Section, blanket, boilerplate objections are improper. Objections should be narrowly tailored to specific responses and explained, and if documents are withheld based on objections, the response must so indicate.

## Discovery Hearings

After filing a Discovery Motion and conferring with the opposing party to confirm available dates, the moving party may request a discovery hearing by emailing the undersigned's Chambers at Damian@flsd.uscourts.gov with the subject line: **"Request for Discovery Hearing on [Case Number]**." The email shall provide the Court with at least three (3) dates on Tuesdays or Thursdays with afternoon time frames during which all parties are available for a hearing. Dates provided to the Court shall be within seven (7) business days from the date of the email to Chambers, as the Court endeavors to set discovery hearings as expeditiously as possible. The email should also note whether the parties request more than fifteen (15) minutes of argument per side.  The email shall copy all counsel and shall certify that the moving party has conferred with opposing counsel and confirmed opposing counsel's availability on the proposed dates and times. **All communications with Chambers regarding discovery matters must be by email, and all counsel of record must be copied on the email. No argument or background about the dispute is permitted by email.**

Upon a party's first request for a discovery hearing in any given matter, the Court will typically set a Zoom discovery hearing; however, any subsequent request(s) for a discovery hearing in the same matter shall be set for an in-person hearing absent a showing of good cause by either party to appear remotely.

The parties shall notify Chambers by email as soon as practicable if they resolve some or all of the discovery issues in dispute.

## Imposition of Sanctions

The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification. *See* Fed. R. Civ. P. 37.

Attorneys' Fees and Costs

If a party is seeking attorneys' fees and costs in connection with a discovery dispute that is set for hearing, the party should be prepared to argue the basis for entitlement, as well as the amount of attorneys' fees and costs, at the hearing. *See* Fed. R. Civ. P. 37.

Discovery Objections

The parties should be mindful of the following when conferring regarding discovery disputes and prior to filing motions regarding discovery disputes.

A. *Vague, Overly Broad, and Unduly Burdensome*: Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and shall be disregarded by the Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4). If a party believes that the request is vague, the party shall attempt to obtain clarification prior to objection on this ground. Sworn testimony or evidence may be necessary to show that a particular request is in fact burdensome.

B. *Objections Based on Scope*: If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed. For example, if discovery is sought nationwide for a ten-year period and the responding party objects on the grounds that only a five-year period limited to activities in Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period of activity in Florida.

C. *Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence*: An objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence.

D. *Formulaic Objections Followed by an Answer*: Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserve nothing and constitute only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the question has been fully answered, or only a portion of it has been answered. Federal Rule of Civil Procedure 34(b)(2)(c) specifically requires an objection to state whether any responsive materials are being withheld. As such, counsel shall include in the Answer a clear statement that all responsive documents/information identified have in fact been produced/provided, or otherwise describe the category of documents/information that have been withheld based on the objection.

3

E. *Objections Based on Privilege*: Generalized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules. *See* S.D. Fla. L.R. 26.1(e)(2)(B). The party with the burden of persuasion on a privilege claim has the obligation to present to the Court, no later than at the time of the hearing, sworn evidence, if necessary, to satisfy that burden. The failure to present that sworn evidence by the scheduled hearing may be deemed by the Court as a waiver of the privilege absent a showing of good cause.

F. *Objections to Scope of 30(b)(6) Notices for Depositions:* Corporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative deposition. Objections to the scope of a deposition notice shall be timely served (not filed) in advance of the deposition. *See King v. Pratt & Whitney*, 161 F.R.D. 475–76 (S.D. Fla. 1995); *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *2–3 (S.D. Fla. Apr. 6, 2007). Accordingly, any objections to the scope of a Federal Rule of Civil Procedure 30(b)(6) deposition notice shall only be adjudicated *after* the taking of the deposition.

G. *Written Objections to the Timing of Depositions:* If a protective order is required for a particular dispute under Federal Rule of Civil Procedure 26(c), Federal Rule of Civil Procedure 30(d)(3), or Local Rule 26.1(g)(3), a notice of objection must be served (not filed) on the opposing party no later than five (5) days after receipt of the deposition notice at issue. Such a notice may not be submitted on the eve of the event. The failure to timely preserve an objection may be deemed a waiver. But if a good faith scheduling dispute arises prior to a deposition, the service of the written notice of objections, followed by a good faith conference to resolve the dispute, will be sufficient to preserve the issues involved without fear of waiver prior to the Court resolving the dispute at a discovery conference. *See* S.D. Fla. L.R. 26.1(h). If the parties do not thereafter reach an agreement to resolve the dispute, the objecting party shall schedule the matter at the next available discovery calendar. Federal Rule of Civil Procedure 37, however, continues to apply to such objections; thus, if the Court finds that the objections were not substantially justified, the failure to comply with a timely served Federal Rule of Civil Procedure 30 deposition notice may be sanctioned appropriately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of February, 2024.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record

4